**Seyed N. SHAFII, Plaintiff,**

v.

**BRITISH AIRWAYS and International Association of Machinists and Aerospace Workers, AFL–CIO, District Lodge 100, Defendants.**

**No. 91–CV–1130 (JRB).**

United States District Court,
E.D. New York.

Aug. 26, 1992.

---

Shearman & Sterling (Jerome S. Fortinsky, John J. Madden, Jr., of counsel), New York City, for plaintiff.

Epstein Becker & Green, P.C. (Philip I. Weis, Harry N. Turk, of counsel), New York City, for defendant British Airways, PLC.

Vladeck, Waldman, Elias & Engelhard, P.C. (Patricia A. McConnell, of counsel), New York City, for defendant International Ass'n of Machinists and Aerospace Workers, AFL–CIO, Dist. Lodge 100.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

This is an action to review an arbitration decision rendered pursuant to the Railway Labor Act, 45 U.S.C. § 151 et. seq. ("RLA"). The plaintiff ("Shafii") seeks to amend his complaint pursuant to Fed. R.Civ.P. 15(a) and the defendant ("British Airways") crossmoves for sanctions pursuant to Fed.R.Civ.P. 11 and/or 28 U.S.C. § 1927 for the filing of this motion.

## I. BACKGROUND

On or about December 19, 1988, Shafii, then a reservations sales agent with British Airways, filed a charge of criminal harassment pursuant to N.Y.Penal Law § 240.25 against British Airways General Supervisor Jean Hendry in the Criminal Court of the City of New York following an argument with her. On January 3, 1989, Shafii and Hendry, who was represented by a British Airways attorney, submitted their dispute to mediation at the Queens Mediation Center and signed a Mediation Agreement which terminated the criminal complaint. See N.Y.Jud.Law Article 21–A (McKinney 1992). The Mediation Agreement recites Shafii's promise to drop all criminal "claims" against Hendry in exchange for British Airways' promise "not to pursue any claims arising out of the case" filed by him. It also states that Shafii's dispute should be treated as a work-related grievance subject to the IAM agreement.

On January 30, 1989, Shafii was dismissed from his job by British Airways. Shafii, who was a member of defendant International Association of Machinists and Aerospace Workers, AFL–CIO, Lodge 100,

filed a grievance against British Airways pursuant to the collective bargaining agreement ("IAM agreement"). The grievance was denied and then submitted to arbitration as per Article XV of the IAM agreement. On January 25, 1990, the matter was arbitrated and on May 7, 1990, arbitrator Dana Eischen rendered a decision and award upholding his discharge.

On August 7, 1990, Shafii filed a Verified Petition in the U.S. District Court, Northern District of New York, seeking to vacate the arbitration award pursuant to the RLA. The case was then transferred to this court. Shafii now seeks to add two causes of action to his complaint despite this court's statement to his counsel during a status conference that such a motion would most likely be a wasteful pretrial activity. The two proposed causes of action are the following: [1] breach of Mediation Agreement; and [2] violation of 42 U.S.C. § 1981. British Airways opposes and moves for sanctions. Shafii's motion turns out to be a wasteful pretrial activity for the reasons discussed *infra*.

## II. DISCUSSION

### 1. *Fed.R.Civ.P. 15(a) Standard*

"Generally, permission to amend should be freely granted.... [but] the court plainly has discretion ... to deny leave to amend where the motion is made after an inordinate delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). While Shafii's motion to amend is made nearly two years after the filing of his Verified Petition, British Airways does not claim prejudice from this delay. Rule 15(a) also authorizes the court to "review the ... [amended] ... pleading for adequacy and ... [to] ... not allow its filing if it does not state a claim upon which relief can be granted." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991). British Airways asserts that Shafii's proposed causes of action are futile and cannot

survive a motion to dismiss as required under *Ricciuti*.

### 2. *Breach of Mediation Agreement*

■ Shafii's proposed second cause of action is premised on an imaginative interpretation of British Airways' promise not to pursue any claims arising out of his filing a criminal charge against Hendry. Shafii reads into this promise a pledge by British Airways to forbear from exercising any of its powers as employer until his work-related grievance was resolved. Even assuming *arguendo* that Shafii obtained such a standstill pledge through the Mediation Agreement, this court lacks jurisdiction over the cause. The reason for this holding is that RLA arbitration procedures are mandatory and provide the exclusive forum for the resolution of disputes "growing out of grievances or out of the interpretation of application of agreements concerning rates of pay, rules, or working conditions...." 45 U.S.C. § 153, First (i); *Conrail v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 304, 109 S.Ct. 2477, 2481, 105 L.Ed.2d 250 (1989). Shafii must seek relief exclusively through arbitration because the purported standstill provision would modify and is intertwined with operation of the employer's right to discharge an employee for cause and employee grievance procedures, both of which were previously secured through collective bargaining in the IAM agreement.[1] The existence, if at all, and scope of any standstill provision substantially depends on interpretation of the IAM agreement and squarely falls under the scope of § 153 First (i). *See Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 322–325, 92 S.Ct. 1562, 1564–66, 32 L.Ed.2d 95 (1972); *see also Hodges v. A.T. & S.F.R. Co.*, 728 F.2d 414, 416–17 (10th Cir.1984), *cert. den.* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984); *Local 553, Transport Workers v. Eastern Air Lines*, 695 F.2d 668, 673 (2d Cir.1982).

---

**1.** The court notes, but needs not resolve the question of enforceability of a contract between a single union member and an employer which would purportedly change rights and procedures already secured in a collective bargaining agreement. *See* 45 U.S.C. § 152, Seventh and 156.

### 3. § 1981 Claim

█ In contrast, Shafii's proposed § 1981 claim involves rights secured independently by a separate federal statute. While the Supreme Court has not passed on the issue, *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 456–57 n. 3, 95 S.Ct. 1716, 1718 n. 3, 44 L.Ed.2d 295 (1975), at least one circuit has held that the RLA does not repeal or preempt claims under § 1981. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252–54 (10th Cir. 1988); *see also Coppinger v. Metro–North Commuter R.R.*, 861 F.2d 33, 37 (2d Cir. 1988). Consequently, following *McAlester* (which is approvingly cited by the Second Circuit in *Coppinger*), the Court assumes that jurisdiction over a § 1981 cause of action in connection with a RLA arbitration suit is available.

█ A § 1981 claim is governed by a three year statute of limitations. *Tadros v. Coleman*, 898 F.2d 10, 12 (2d Cir.1990), *cert. den.* —— U.S. ——, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990). Since Shafii's employment terminated on January 30, 1989, the last possible day on which a § 1981 violation could occur is well beyond the three-year limitations period.[2] Consequently, Shafii's § 1981 claim is barred by the statute of limitations.

█ The only escape from this result is if the § 1981 claim relates back to Shafii's Verified Petition under Fed.R.Civ.P. 15(c). Relation back requires that the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). Shafii's Verified Petition seeks to vacate the arbitral decision and award due to alleged procedural errors. The Supreme Court has "characterized reviews of RLA arbitral awards as 'among the narrowest known to the law.'" *CSX Transp., Inc. v. United Transp. Union*, 950 F.2d 872, 877 (2d Cir.1991), quoting *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 91, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978). Shafii's § 1981 claim against British Airways has absolutely no connection with RLA arbitral review and does not relate back under Fed. R.Civ.P. 15(c).

### 4. Fed.R.Civ.P. 11 and/or 28 U.S.C. § 1927 Sanctions

█ British Airways moves for sanctions, fees and expenses in its opposition papers pursuant to Rule 11 and § 1927. Rule 11 and § 1927 do not require that the counterclaim be made by separate formal motion; rather, due process is accorded when, as here, notice and an opportunity to be heard in reply has occurred. *International Shipping v. Hydra Offshore, Inc.*, 875 F.2d 388, 392–93 (2d Cir.1989) and *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir.1986), *cert. den. sub nom., County of Suffolk v. Graseck*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987) (Rule 11 due process analysis); *Forman v. Mount Sinai Medical Center*, 128 F.R.D. 591, 604 n. 24 (S.D.N.Y.1989) (§ 1927 due process analysis). Rule 11 violations are judged by an objective standard of reasonableness under all the circumstances existing at the filing of the motion. *Business Guides v. Chromatic Communications Ent.*, 498 U.S. 533, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991). Shafii's counsel was warned but he nevertheless filed a wasteful motion which is easily disposed by elementary applications of RLA jurisdiction and statute of limitation rules. While this practice should be strongly discouraged, Shafii's motion papers do not quite deserve condemnation under Rule 11. Similarly, § 1927 sanctions are not warranted because they require a "clear showing of bad faith" by an attorney which is not present here. *Oliveri*, 803 F.2d at 1273. However, 28 U.S.C. § 1920 gives the district court broad discretion to tax costs enumerated therein. 28 U.S.C.

**2.** The court notes, but needs not resolve the extent to which, if at all, the recent amendment to § 1981, codified at 42 U.S.C. § 1981(b), included in the Civil Rights Act of 1991, Pub.L.No. 102–166, 105 Stat. 1071, applies retroactively. The amendment has no bearing on the validity of Shafii's third cause of action because whether the statute of limitations period is measured from the date of Shafii's employment contract formation, or from the date of his dismissal does not change the result that the three year limit has expired.

§ 1920; *U.S. v. Procario*, 361 F.2d 683, 685 (2d Cir.1966) (*per curiam*). Taxing the costs of this motion against Shafii is appropriate.

The court has carefully considered the merits of the plaintiff's motion, and for the reasons stated above, it is hereby DENIED. The defendant's requests for sanctions are DENIED. The court hereby orders the clerk to tax costs of the motion against plaintiff pursuant to 28 U.S.C. § 1920.

SO ORDERED.