Peter BEGLEY, Plaintiff,

v.

MAHO BAY CAMPS, INC., Defendant.

No. CV–93–5744 (CPS).

United States District Court,
E.D. New York.

April 12, 1994.

---

## MEMORANDUM AND ORDER

SIFTON, District Judge.

In this diversity personal injury action, defendant, Maho Bay Camps, Inc., has moved for dismissal of plaintiff's complaint on the ground of lack of personal jurisdiction. Plaintiff has cross-moved to remand the case to state court. For the reasons set forth below, defendant's and plaintiff's motions are both denied.

### Background

This is an action for personal injuries allegedly sustained by plaintiff, Peter Begley, while a guest at the defendant's camp grounds in the Virgin Islands, a Territory of the United States. 48 U.S.C. § 1541. Plaintiff's complaint states "that on April 24, 1993 the Plaintiff fell over the railing and onto the rocks below in the area of Cabin A–12 at the Maho Bay Camp Grounds, St. John, U.S. Virgin Islands" and sustained injuries as a result of defendant's negligence in the "ownership, operation, maintenance and control" of the property. Defendant concedes it owns the campground where the alleged events occurred. Plaintiff originally filed his case in state court, and service on defendant was effected on December 3, 1993. Defendant removed the case to this Court the following December 17.

In the present motion, defendant alleges that it is a company organized under the laws of the United States Virgin Islands, with its principal place of business in St. John. Defendant further alleges that it is not licensed to do business in New York and does not have any offices in New York. Based on these facts, defendant claims that this Court lacks personal jurisdiction over it.

In response, plaintiff has submitted a voluminous compendium of photocopied material intended to demonstrate that defendant maintains an office in New York and transacts business here. The exhibits include a copy of a page of the Manhattan telephone directory showing an entry for Maho Bay Camps Inc. and giving its address as 17 E. 73rd St. and its telephone number as (212) 472–9453. The exhibits also include copies of advertisements for Maho Bay Camps as well as newspaper and magazine articles which give defendant's address as 17 East 73rd Street in New York City. Plaintiff also furnishes copies of notices provided by defendant to its own guests in St. John, which contains the New York address as part of its letterhead.

Plaintiff has submitted a cross-motion, asking that this case be remanded to state court. Plaintiff's request is based on the fact that the state court has jurisdiction over the defendant and because "there is no reason for the Federal Court to be involved in this case."

## DISCUSSION

■ A federal court in a diversity action must look at the forum state's jurisdictional statutes to determine whether *in personam* jurisdiction exists over a nonresident defendant. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990). If the relevant statute allows the court to exercise jurisdiction, then the court must determine whether such exercise would comport with due process. *See id.* In the present action plaintiff is alleging that defendant is subject to jurisdiction pursuant to sections 301 and 302 of New York's Civil Practice Law and Rules. In a motion to dismiss for lack of jurisdiction, the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985).

■ N.Y. CPLR 302(a), the state's long-arm statute, provides for jurisdiction over a foreign defendant who "transacts any business" within the state if the cause of action arises from such transactions. In this case, defendant alleges that it is a foreign defendant because it is incorporated in the U.S.

Virgin Islands, and plaintiff does not dispute this. However, it appears that plaintiff's cause of action does not arise out of defendant's transaction of business in New York but out of its negligence outside the state. The provisions of section 302 are thus inapplicable in this case.

■ Section 301 of the CPLR states that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." According to New York courts' interpretation of this section, a non-domiciliary may be subject to in personam jurisdiction in New York for any cause of action if the non-domiciliary is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of 'presence' in this jurisdiction." *Simonson v. International Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964). The "doing business" requirement has been interpreted to mean "not occasionally or casually, but with a fair measure of permanence and continuity," *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982), so as to constitute more than "mere solicitation" of business. *See Miller v. Surf Prop.*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958). However, "once solicitation is found in any substantial degree courts have required very little more to support a conclusion of 'doing business.'" *H. Heller & Co., Inc. v. Novacor Chem. Ltd.*, 726 F.Supp. 49, 53 (S.D.N.Y. 1988), *aff'd*, 875 F.2d 856 (2d Cir.1989).

■ In *Darby v. Compagnie Nat. Air France*, 735 F.Supp. 555 (S.D.N.Y.1990), the court listed those factors which constitute indicia of business "presence" in the state. These may include such things as assets, offices, books, employees, bank accounts, a listed telephone number, a mailing address, the solicitation of business, or the employment of agents to solicit business. *See id.* at 560. In this case, plaintiff's exhibits meet his burden of showing such presence. Plaintiff has produced numerous advertisements and newspaper articles which constitute evidence of the solicitation of business in New York

State[1] and, in addition, include as their *sole* means of reaching defendant an address and telephone number in New York City. Defendant responds by claiming that the office where the summons and complaint was received (the same address as on the Maho Bay brochures) is not owned, leased, or rented by Maho Bay but by the company's owner, Stanley Selengut, and that these offices only provide reservation and information distributing services for Maho Bay. Although defendant's attempt to distance the New York office from Maho Bay is not convincing, the sole services defendant claims to provide would still be sufficient to assert jurisdiction over defendant. *See I. Oliver Engebretson v. Aruba Palm Beach Hotel & Casino,* 587 F.Supp. 844 (S.D.N.Y.1984); *Darby v. Compagnie Nat. Air France,* 735 F.Supp. 555 (S.D.N.Y.1990).

█ The conclusion that defendant is subject to statutory long-arm jurisdiction requires an inquiry as to whether the constitutional requisites to jurisdiction are present. Due process requires that a district court seeking to exercise personal jurisdiction over a nonresident defendant conclude that the defendant has purposefully established "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). In this case, defendant's presence in the state is sufficient to satisfy the "minimum contacts" test. Defendant's presence includes keeping an office and soliciting business, thus availing itself of "the benefits and protection of the forum state's laws." *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Accord-

ingly, defendant's motion to dismiss for lack of personal jurisdiction is denied.

█ Plaintiff has cross-moved to remand the case to state court because "[t]here is no reason for the Federal Court to be involved in this case, since the defendant has a viable office in the State of New York and the State Court has jurisdiction over this matter. There is no reason to clog the calendars of the Federal Court with this particular case."

Pursuant to 28 U.S.C. § 1447(b), a motion to remand a case to state court may only be made on the basis of a defect in removal procedure or a lack of subject matter jurisdiction. Plaintiff has not asserted either ground. He does not state that diversity is lacking[2] or that there were defects in the removal procedure. In addition, calendar congestion is not a valid reason for a remand. *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Plaintiff's cross-motion to remand is thus denied.

Accordingly, and for the reasons set out above, defendant's motion to dismiss and plaintiff's cross-motion to remand are denied.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.

---

1. Plaintiff's counsel states that he was sent some of these brochures after calling the number given in the 'phone book for information.

2. Nor does it seem like he could. 28 U.S.C. § 1332(c) provides that for purposes of the removal statute, "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Defendant claims to be incorporated in the Virgin Islands and to have its principal place of business there, and plaintiff does not dispute this. For purposes of section 1332, the Territory of the Virgin Islands is a state. *See* 28 U.S.C. § 1332(d).