Seyed N. SHAFII, Plaintiff,

v.

BRITISH AIRWAYS, Defendant.

No. 94–CV–5672 (JRB).

United States District Court,
E.D. New York.

July 17, 1995.

**454**

Seyed N. Shafii, Rio Rancho, NM, plaintiff pro se.

Harry N. Turk, Epstein, Becker & Green, P.C., New York City, for defendant.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Plaintiff moves to remand to state court this action alleging breach of contract and slander against his former employer, defendant British Airways. Plaintiff also seeks to impose costs and sanctions against defendant. British Airways cross-moves for dismissal and to enjoin plaintiff from filing further vexatious litigation. For the reasons set forth below, the motions to remand and for sanctions are denied, the motion to dismiss is granted, and plaintiff is enjoined from filing further action against British Airways and its employees absent prior court approval.

#### Background

This rather protracted litigation originated in the Criminal Court of the City of New York where, in December 1988, Seyed Shafii, formerly a reservations sales agent with British Airways, filed a charge of criminal harassment against his former general supervisor, Jean Hendry. Shafii, an American citizen who is of Iranian descent, charged Hendry with making derogatory statements concerning his national origin while investigating an altercation between himself and a co-worker. Shafii and Hendry submitted their dispute to mediation at the Queens Mediation Center, and thereafter entered into an agreement (the "Mediation Agreement") which required Shafii to drop all criminal claims against Hendry in exchange for British Airways' promise "not to pursue any claims arising out of the case." The Mediation Agreement also provided that Shafii's dispute with Hendry would be treated as a work-related grievance subject to the collective bargaining agreement between British Airways and the International Association of Machinists and Aerospace Workers (the "IAM Agreement"), the union of which Shafii was a member.

Shafii charges that in violation of what he characterizes as a "standstill" provision in the Mediation Agreement, on January 11, 1989, British Airways relocated him to a different work area and placed him under the authority of another supervisor. Shafii alleges that British Airways again violated the standstill agreement when it terminated his employment on January 30, 1989. According to plaintiff, by means of the standstill agreement, British Airways agreed to refrain from taking any adverse action against him until the grievance mechanism of the IAM Agreement resolved his harassment claim.

Plaintiff's termination prompted him to file an employment grievance against British Airways in accordance with the procedures set forth in the IAM Agreement. Although British Airways maintained that plaintiff was discharged for insubordination, Shafii argued that he was transferred and dismissed in retaliation for his filing of the criminal complaint against Hendry. Shafii's grievance was denied, and on January 25, 1990, was submitted to arbitration in accordance with Article XV of the IAM Agreement. After the arbitrator rendered a decision and award upholding the discharge, Shafii commenced a district court action seeking to vacate the arbitration award pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA"). Shafii asserted that he had been denied due process of law when the arbitrator allegedly refused, in conversations held off the record, to hear testimony and consider documentary evidence offered in support of his discrimination claim. Shafii originally sought to vacate the award in the United States District Court for the Northern District of New York. British Airways moved to dismiss that petition, arguing that Shafii's due process claim did not provide sufficient

grounds for judicial review under the RLA, and alternatively, that venue properly lied in the Eastern District of New York. In *Shafii v. British Airways*, No. 90–0895(NPM) (N.D.N.Y. March 13, 1990), the Honorable Neal P. McCurn held that the alleged due process violation adequately stated a basis for judicial review, but transferred the case to this District.

Plaintiff then moved this Court to amend his complaint, seeking to add claims alleging a breach of the purported standstill provision and a violation of 42 U.S.C. § 1981. British Airways opposed the motion and cross-moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. In a memorandum-decision and order dated August 26, 1992, this Court denied both motions but imposed costs against plaintiff under 28 U.S.C. § 1920. In refusing to allow the amendment, the Court expressly held that it lacked subject matter jurisdiction over Shafii's proposed breach of contract claim. *Shafii v. British Airways*, 799 F.Supp. 292, 294 (E.D.N.Y.1992).

The case again came before this Court on defendant's motion for summary judgment in *Shafii v. British Airways*, No. 91–CV–1130 (E.D.N.Y. January 13, 1993), *vacated and remanded*, 22 F.3d 59 (2d Cir.1994). There the Court granted defendant's motion, finding it unnecessary to reach the merits of plaintiff's due process claim because the only proof offered in support thereof was, in the Court's view, inadmissible hearsay. The Court of Appeals for the Second Circuit vacated that holding in *Shafii v. British Airways*, 22 F.3d 59 (2d Cir.1994), and remanded the issue of "whether plaintiff's allegations, taken as true, would constitute a denial of due process that would warrant vacating the arbitration ruling." 22 F.3d at 65. By memorandum-decision and order dated January 9, 1995, this Court again granted British Airways' motion for summary judgment, dismissing in its entirety plaintiff's action to vacate the arbitration award. *Shafii v. British Airways*, 872 F.Supp. 1178 (E.D.N.Y. 1995).

Notwithstanding his lack of success in arbitration and this forum, on November 9, 1994, plaintiff commenced an action in New York State Supreme Court, Queens County, alleging breaches of the Mediation Agreement and slander. Shafii's state court breach of contract claims mirrored the claim he previously sought to add when he moved to amend his federal complaint.[1] On December 9, 1994, defendant removed the action to this forum asserting federal question jurisdiction under 28 U.S.C. § 1447. The case now is before the Court on plaintiff's motion for sanctions and to remand to state court, and on defendant's motion to dismiss and to enjoin plaintiff from filing further vexatious litigation.

### Discussion

I. *Plaintiff's Motion to Remand to State Court*

■ Under 28 U.S.C. § 1447(c), a party may move to remand an action to state court where a procedural defect compromised the process of removal or the federal court lacks subject matter jurisdiction over the action. *Begley v. Maho Bay Camps, Inc.*, 850 F.Supp. 172, 175 (E.D.N.Y.1994). Here, Shafii contests removal of the case on the ground that his claims invoke only state law issues. According to defendant, plaintiff's two contractual causes of action are pre-empted by provisions of the RLA, and thus "arise under" federal statutory law. In addition, British Airways argues that removal of the defamation claim lies within the Court's discretionary authority to decide non-removable causes of action in conjunction with cases over which it has removal jurisdiction. *See* 28 U.S.C. § 1441(c).

■ Section 1331 of Title 28 confers upon the district courts original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." Where, as here, a party bases removal on Section 1331, the federal claim must appear on the face of the complaint. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113,

---

1. Plaintiff himself acknowledged the identity of issues raised in a letter to the Court dated March 14, 1995, wherein he expressly admits, and indeed apologizes for, "having filed causes of action with New York State which had previously been addressed and decided upon by this Court."

57 S.Ct. 96, 98, 81 L.Ed. 70 (1936); *Greenfield v. National Westminster Bank USA*, 846 F.Supp. 302, 304–05 (S.D.N.Y.1994). Because the complaint itself must establish that the case arises under federal law, assertion of a federal defense, including pre-emption, does not provide grounds for removal. *Nealy v. United States Healthcare HMO*, 844 F.Supp. 966, 970 (S.D.N.Y.1994) (citing *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 [1983] ). The courts have carved out an exception to this rule, however, where federal law so dominates "a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). In such cases, assertion of a preemption defense alone will support removal.

 Here, plaintiff's claims are cast in terms of state law issues, and no federal cause of action appears on the face of the complaint. The complaint specifically seeks relief for alleged defamatory statements and for breach of the Mediation Agreement, a contract executed in conjunction with a state court criminal proceeding. In order to assess the propriety of removal, therefore, it is necessary to determine whether, as defendant suggests, Shafii's breach of contract claims are pre-empted by the RLA. In making this determination, defendant bears the burden of establishing that the case falls within the court's removal jurisdiction. *Greenfield*, 846 F.Supp. at 305. *See also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

 Defendant has met its burden of demonstrating a right to removal. Generally, disputes growing out of differing interpretations of an existing collective bargaining agreement are pre-empted by the RLA's mandatory arbitration provisions and "must be resolved only through the RLA mechanisms." *Hawaiian Airlines v. Norris*, ––– U.S. –––, –––, 114 S.Ct. 2239, 2244, 129 L.Ed.2d 203 (1994). *See also* 45 U.S.C. § 151a. The same is true, however, of disputes growing out of an agreement that purports to *modify* an existing collective bargaining agreement. In rejecting plaintiff's attempt to amend his federal complaint, this Court expressly held that:

> Shafii must seek relief exclusively through arbitration because the purported standstill provision would modify and is intertwined with operation of the employer's right to discharge an employee for cause and employee grievance procedures, both of which were previously secured through collective bargaining in the IAM agreement. The existence, if at all, and scope of any standstill provision substantially depends on interpretation of the IAM agreement and squarely falls under the scope of § 153 First (i).

*Shafii*, 799 F.Supp. at 294 (footnote omitted). The same reasoning applies here.

 The United States Supreme Court's recent articulation of the scope of RLA pre-emption does not alter the above analysis. In *Hawaiian Airlines v. Norris*, *supra*, the Supreme Court adopted the pre-emption standard set forth in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)—a test commonly applied to disputes arising under the Labor Management Relations Act—to resolve issues of RLA preemption. Under the analysis set forth in *Lingle* and embraced in *Hawaiian Airlines*, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted and federal labor-law principles . . . must be employed to resolve the dispute." *Lingle*, 486 U.S. at 405–06, 108 S.Ct. at 1881. Although adoption of the *Lingle* test substantially narrowed the reach of RLA pre-emption, the Supreme Court noted that mandatory RLA arbitration provisions still pre-empt state law where resolution of a state claim depends "upon an interpretation of the collective bargaining agreement." *Hawaiian Airlines*, ––– U.S. at –––, 114 S.Ct. at 2248. It is only where state claims invoke "rights and obligations that exist independent of the collective bargaining agreement" that the RLA loses its pre-emptive effect. *Id.* at –––, 114 S.Ct. at 2247. Thus, the post-*Hawaiian Airlines* inquiry focuses on wheth-

er a state has provided "workers with substantive rights independent of the collective bargaining agreement and causes of action to enforce such rights." *Taggart v. Trans World Airlines, Inc.*, 40 F.3d 269, 272 (8th Cir.1994) (citing *Hawaiian Airlines*, —— U.S. at ——, 114 S.Ct. at 2246).

Plaintiff has identified no independent right, obligation, or source external to the IAM Agreement upon which he can base his right to relief. Though Shafii views his contractual claims as deriving solely from rights independently secured by the Mediation Agreement—an agreement he characterizes as a private contract between himself and Hendry—the Mediation Agreement itself provides that Shafii's dispute with Hendry would be treated as a *work-related grievance subject to the collective bargaining agreement*. The complaint at issue here pleads contractual claims founded upon an interpretation of the Mediation Agreement that necessarily modifies rights previously secured through collective bargaining and, as such, requires an interpretation of the terms of the IAM Agreement. This is precisely the conclusion reached by this Court when it rejected plaintiff's motion to amend. *See Shafii*, 799 F.Supp. at 294. Absent some indication that plaintiff's claims derive from rights independent of the collective bargaining agreement, those claims are pre-empted by the RLA and provide sufficient grounds for exercise of this Court's removal jurisdiction.

 The Court also agrees with defendant that plaintiff's defamation claim properly was removed under 28 U.S.C. § 1441(c). That section authorizes removal of an entire case, and confers upon the courts discretion to decide otherwise non-removable issues and claims, so long as those claims are joined with "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331." Indeed, a "single federal claim suffices to support removal." *In re Amoco Petroleum Additives Co.*, 964

F.2d 706, 710 (7th Cir.1992). Defendant has demonstrated the propriety of removing the entire case, and plaintiff's motion to remand therefore is denied.[2]

## II. *Defendant's Motion to Dismiss*

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that this Court lacks subject matter jurisdiction and that plaintiff's defamation claim is inadequately pleaded and untimely. The Court agrees that federal jurisdiction is wanting, and therefore dismisses the action in its entirety.[3]

 British Airways urges that subject matter jurisdiction is lacking because Shafii's breach of contract claims are "minor disputes" within the meaning of the RLA. The Court agrees. The RLA provides that resolution of "minor" disputes between employees and their carriers lies exclusively with the National Railroad Adjustment Board. 45 U.S.C. § 153 First (i). "Minor disputes" for purposes of the RLA include those disputes " 'growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.' " *Hawaiian Airlines*, —— U.S. at ——, 114 S.Ct. at 2244 (quoting 45 U.S.C. § 151a). The RLA confers upon the federal courts jurisdiction to review final awards of the Adjustment Board only in very limited circumstances. *See* 45 U.S.C. § 159 Third.

Shafii alleges that British Airways twice breached the purported standstill provision when it transferred and later dismissed him. Plaintiff's claims rest on an imaginative interpretation of the Mediation Agreement which reads into that agreement defendant's "pledge ... to forbear from exercising any of its powers as employer until his work-related grievance was resolved." *Shafii*, 799 F.Supp. at 294. As noted above, any such

---

**2.** Plaintiff claims that if the Court were to uphold removal, the State of New York must be added as a defendant in this action. Shafii articulates no legal foundation upon which to rest this rather puzzling argument, and the Court, therefore, denies his request.

**3.** The Court notes that in his reply brief, plaintiff expressly concedes that "the Eastern District Court does not have subject matter jurisdiction" over his claims, and urges the Court to decline to exercise jurisdiction over the entire action. Plaintiff's Reply Memorandum in Support of Motion to Remand, dated March 14, 1995, p. 13.

pledge would modify rights previously secured through collective bargaining, and thus involves a dispute growing out of an interpretation of the terms of the IAM Agreement. Though the case properly was removed to this Court, jurisdiction over the subject matter of the action rests exclusively with the Adjustment Board. *See Milam v. Herrlin,* 819 F.Supp. 295, 306 (S.D.N.Y.1993).

■■■ Dismissal of plaintiff's claims under the RLA leaves remaining only his cause of action alleging slander. To retain jurisdiction over this purely state law claim "would be an inappropriate exercise of pendent jurisdiction and a waste of federal judicial resources." *Rounseville v. Zahl,* 13 F.3d 625, 631 (2d Cir.1994). The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988). The power of the federal courts to take jurisdiction over state-law claims wisely is tempered "by the consideration that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties.'" *Fay v. South Colonie Central School Dist.,* 802 F.2d 21, 34 (2d Cir.1986) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 [1966]). These considerations counsel this Court to relinquish jurisdiction over Shafii's defamation claim.[4]

III. *Defendant's Motion for an Injunction Against Further Vexatious Litigation*

■■■ In its cross-motion, British Airways seeks a protective order barring plaintiff from filing further legal action against defendant or its employees absent prior court approval. Based on plaintiff's history of litigiousness and the repetitive nature of the actions he has commenced, the Court grants defendant's request.

■■■ The district courts "'have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *Kissel v. DiMartino,* 1993 WL 289430 at *8, 1993 U.S.Dist. LEXIS 10313 at *25 (E.D.N.Y. July 14, 1993) (quoting *In re Martin–Trigona,* 737 F.2d 1254, 1261 [2d Cir.1984]). This equitable power includes the authority to "disarm a vexatious litigator by enjoining such a party from commencing further lawsuits or filing motions unless certain conditions are met." *Id.* When issuing protective injunctions, the traditional standards for granting injunctive relief—irreparable harm and the absence of an adequate remedy at law—do not apply. *Polur v. Raffe,* 912 F.2d 52, 57 (2d Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). Rather, in deciding whether to restrict a party from filing further litigation, the court should consider:

1. the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

2. the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?

3. whether the litigant is represented by counsel;

4. whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5. whether other sanctions would be adequate to protect the courts and other parties.

*Kissel,* 1993 WL 289430 at *8–9, 1993 U.S.Dist. LEXIS 10313 at *26–27.

After giving careful consideration to the relevant factors, the Court finds it appropriate to limit Shafii's future access to the courts. Shafii has displayed a tendency toward repetitive litigation, having pursued similar, and in some instances identical, claims in arbitration, a state criminal proceeding, this forum, and now in state court. In its August 26, 1992 order, this Court

---

4. Because the Court declines to exercise jurisdiction over this claim, the Court need not reach the merits of defendant's arguments that the cause is time-barred and inadequately pleaded.

addressed the jurisdictional issues raised in the present motion, and, as noted above, plaintiff acknowledged having filed "causes of action with New York State which had previously been addressed and decided upon by this Court." The Court already has warned Shafii of the consequences of filing wasteful motions, and has taxed costs to plaintiff under 28 U.S.C. § 1920 in conjunction with his motion to amend. Since imposition of these sanctions failed to impress upon plaintiff that abuse of the judicial process will not be tolerated, the Court finds an injunction appropriate to stave off the commencement of future duplicative litigation.

 The fact that plaintiff now is proceeding *pro se* does not alter the Court's conclusion. Shafii "has demonstrated no naivete" in conducting this litigation. *Kissel,* 1993 WL 289430 at *9, 1993 U.S.Dist. LEXIS 10313 at *28. Indeed, plaintiff won a reversal of this Court's January 13, 1993 order before the Second Circuit Court of Appeals. Plaintiff's propensity to litigate combined with his limited financial means lead the Court to question the efficacy of again ordering him to pay defendant's legal fees or imposing other monetary fines. Similarly, in light of Shafii's repeated filings, dismissal of the action alone is not likely to discourage plaintiff from future abuse of the legal system. Accordingly, plaintiff will be barred from commencing future litigation against British Airways and its employees on claims related to the transactions and occurrences alleged in the present complaint unless the proposed claims first are reviewed by a judge or magistrate judge sitting in the court in which the action is commenced. The injunction encompasses defendant's employees "in order to prevent the most obvious means by which [Shafii] could circumvent the injunction if he were so inclined." *Schwartz v. Nordstrom, Inc.,* 1994 WL 584676 at *5 n. 2, 1994 U.S.Dist. LEXIS 15203 at *12 n. 2 (S.D.N.Y. October 24, 1994). In addition, the Court finds it both necessary and appropriate to extend the injunction to prohibit plaintiff from instituting actions in both state and federal court. *See, e.g., Gabrelian v. Acampora,* 1991 WL 626724 at *3, 1991 U.S.Dist. LEXIS 18262 at *9 (S.D.N.Y. December 10, 1991). The terms of the injunction shall not apply, however, to any appeal of this decision to the Court of Appeals for the Second Circuit or the United States Supreme Court.

### IV. *Plaintiff's Motion for Sanctions*

#### A. *Sanctions Under 28 U.S.C. § 1927*

 Shafii seeks to recover attorneys' fees and costs under 28 U.S.C. § 1927. Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The prohibition against vexatious litigation requires a clear showing of bad faith on the part of the offending attorney. *McMahon v. Shearson/American Express, Inc.,* 896 F.2d 17, 23 (2d Cir.1990); *Gianna Enters. v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1359 (S.D.N.Y.1982). To demonstrate bad faith, the movant must proffer "'clear evidence' that the claims are 'entirely without color *and* made for reasons of harassment or delay or for other improper purposes.'" *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980) (emphasis in original) (quoting *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 [2d Cir.1977] ). *Accord Gianna Enters.,* 551 F.Supp. at 1359.

 Although Shafii's moving papers list what he characterizes as instances of bad faith on the part of defendant and its counsel, he asserts no circumstance warranting the imposition of sanctions. Plaintiff includes among his list of allegedly egregious conduct the fact that British Airways: signed the purported standstill agreement with the intention to violate its terms; withheld his pay; systematically harassed him at work; removed the state court action; requested an injunction against further frivolous litigation; and offered only 25 cents to settle the case.

Viewing each alleged instance of sanctionable conduct, it is clear that plaintiff has failed to sustain his Section 1927 motion. First, this Court has held that British Airways properly removed the action; thus, it cannot possibly be said that the motion to remove was "so completely without merit as to re-

quire the conclusion that [it] must have been undertaken for some improper purpose." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986), *cert. denied, County of Suffolk v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Similarly, the restriction imposed on Shafii's future access to the courts precludes a finding that the motion to enjoin was "entirely without color." *Nemeroff,* 620 F.2d at 348. Plaintiff's remaining allegations likewise fall short of demonstrating bad faith. Section 1927 prohibits conduct that unreasonably or vexatiously multiplies the proceedings in any case, and authorizes imposition of sanctions "only against the offending attorney; clients may not be saddled with such awards." *United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir.1991). Here, plaintiff accuses British Airways' *personnel* of engaging in various forms of harassing behavior that *precipitated,* rather than prolonged, the present litigation. Finally, the Court remains unpersuaded that defense counsel's alleged $.25 settlement offer constitutes intentional abuse of the judicial system. Because the record remains bereft of evidence that British Airways' counsel engaged in dilatory and abusive tactics, purposefully prolonged litigation of meritless claims, or otherwise acted in bad faith, the motion for sanctions under 28 U.S.C. § 1927 is denied.

### B. *Sanctions Under Rule 11*

Rule 11 provides in pertinent part:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

Here Shafii alleges that British Airways interposed motions to remove and for an injunction merely to harass plaintiff and prolong this litigation. After considering the evidence proffered, it is apparent that Rule 11 sanctions clearly are not warranted. Shafii accuses defendant of engaging in vexatious and insupportable litigation; however, the Court already has held that defendant asserted a meritorious defense and sought injunctive relief the Court found warranted. Consequently, plaintiff's motion for sanctions under Rule 11 is denied.

### Conclusion

For the reasons set forth above, plaintiff's motions to remand the action to the state court and for the imposition of sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 hereby are DENIED. Defendant's motions to dismiss the complaint and for an injunction hereby are GRANTED, and plaintiff is enjoined from filing further action against defendant and its employees absent prior review and approval by the judge or magistrate judge sitting in the court in which the action is commenced.

SO ORDERED.