**Seyed N. SHAFII, Plaintiff–Appellant,**

v.

**BRITISH AIRWAYS, PLC, Defendant–Appellee.**

No. 1288, Docket 95–7816.

United States Court of Appeals, Second Circuit.

Submitted April 3, 1996.

Decided May 8, 1996.

Seyed N. Shafii, Rio Rancho, NM, pro se.

Harry N. Turk, New York City, for defendant-appellee.

Before: WINTER, JACOBS and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge:

This dispute requires us to consider whether the state claims brought by an employee against his former employer can be resolved without reference to the language of a collective bargaining agreement. If they can, they belong in state court despite the general preemptive effect of the Railway Labor Act (RLA), 45 U.S.C. § 151–188. We hold that the claims raised in this action are not preempted by the RLA, and that they should be remanded to the state court.

## Background

The facts are essentially undisputed. In December 1988, while employed by British Airways as a reservations sales agent in New York, Seyed N. Shafii brought a criminal harassment claim against his supervisor, Jean Hendry. British Airways and Shafii submitted the dispute to mediation, which resulted in an agreement providing that: a) Shafii would drop his claims against Hendry and British Airways in exchange for the airline's promise "not to pursue any claims arising out of the case," and b) the underlying dispute with Hendry would be resolved under the Collective Bargaining Agreement (CBA) governing Shafii's employment.

A few weeks after this agreement was reached, British Airways transferred Shafii to a different work area. A little later, at the end of January 1989, Shafii was suspended and then fired. As required by the CBA, Shafii filed a grievance challenging his termination. The grievance was submitted to an arbitrator, who upheld the dismissal.

In 1990, Shafii filed a complaint in federal court, challenging the arbitrator's decision. He claimed that one of his witnesses was not allowed to testify, that the arbitrator was biased, and that the arbitrator's findings of fact were not based on the evidence presented. In 1992, the district court denied Shafii's motion to amend his complaint to include claims for breach of the mediation agreement and for violation of 42 U.S.C. § 1981. *Shafii v. British Airways*, 799 F.Supp. 292 (E.D.N.Y.1992). Later, the district court granted summary judgment for British Airways.

Shafii appealed that decision to this Court. Because we found that the district court had wrongly treated certain of Shafii's evidence as inadmissible hearsay, we vacated the summary judgment and remanded the case. *Shafii v. PLC British Airways*, 22 F.3d 59 (2d Cir.1994). On remand, the district court once again granted summary judgment for British Airways, holding, as a matter of law, that Shafii had failed to prove any violations

of his due process rights. *Shafii v. British Airways,* 872 F.Supp. 1178 (E.D.N.Y.1995), *aff'd,* 71 F.3d 404 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1554, 134 L.Ed.2d 656 (1996).

While Shafii's case was pending in federal court, he filed a *pro se* complaint against British Airways in New York State Supreme Court, Queens County. In that complaint, he made three claims. First, he said that British Airways transferred and ultimately dismissed him in retaliation for his filing the criminal harassment charge against Hendry. Second, he asserted that British Airways' decision to fire him was a violation of the mediation agreement in which the airline had agreed not to "pursue any claims" related to the harassment charge. And finally, Shafii alleged that British Airways had slandered and defamed him, thereby preventing him from obtaining employment with another airline. He sought $3 million in damages.

After Shafii had begun this action in the state court, British Airways filed a notice of removal in the Eastern District of New York. Shafii immediately asked that the case be remanded to the state court. He also sought sanctions against British Airways pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure. British Airways, in turn, moved to dismiss Shafii's complaint for lack of subject matter jurisdiction and to enjoin Shafii from filing further suits against British Airways or its employees without leave of the court.

The district court denied Shafii's motion to remand the case. It determined that his contract claims were preempted by the RLA. It further held that the defamation claim was properly in federal court since 28 U.S.C. § 1441(c) "authorizes removal of an entire case, and confers upon the courts discretion to decide otherwise non-removable issues and claims." *Shafii v. British Airways,* 895 F.Supp. 451, 457 (E.D.N.Y.1995). The court then granted British Airways's motion to dismiss, holding that the claims were "minor disputes" over which the Railroad Adjust-ment Board has exclusive jurisdiction under the RLA. *Id.* It denied Shafii's request for sanctions because Shafii had failed to show that British Airways was litigating in bad faith and because the airline had asserted meritorious defenses. *Id.* at 459–60. Finally, in view of Shafii's "history of litigiousness and the repetitive nature of the actions he has commenced," the court entered an injunction forbidding Shafii from filing further claims against the airline or its employees without leave of the court. *Id.* at 458. Shafii appealed.

We conclude that Shafii's state law claims are not preempted by the RLA because they rest on rights independently available under state law that do not require interpretation of the CBA. Accordingly, we vacate and remand the case to the district court with instructions to return the matter to the state court.[1] Because the only issue Shafii has raised in federal court, his motion for remand, is meritorious, we vacate the district court's injunction against him. But we affirm the court's holding that sanctions against British Airways are not warranted.

## Discussion

*Removal to Federal Court*

■■■ A defendant in an action filed in state court may remove that claim to federal court, pursuant to 28 U.S.C. § 1441(a), if the plaintiff's "well-pleaded complaint" includes a federal cause of action. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). But in the context of the RLA, this rule is broadened. If the state claims put forward are in fact preempted by the RLA, the action may properly be removed to the federal courts, even when the plaintiff's complaint does not itself include a federal cause of action. *See Hawaiian Airlines, Inc. v. Norris,* —— U.S. ——, —— —— ——, 114 S.Ct. 2239, 2247–49, 129 L.Ed.2d 203 (1994). The standard for determining when a state claim is preempted by the RLA is simply and clearly stated: "where the resolution of a state-law claim

---

1. Because this case should have been remanded to the state court, we do not consider whether the district court had subject matter jurisdiction over the claims or whether (as the court held) they are the type of "minor disputes" as to which exclusive jurisdiction rests in the Railroad Adjustment Board.

depends on an interpretation of the collective-bargaining agreement, the claim is preempted." *Id.* at ——, 114 S.Ct. at 2248.

The district court denied Shafii's motion to remand the case to the New York courts because it concluded that his state contract claims turned on an interpretation of the CBA. We review *de novo* a district court's denial of a motion to remand. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir.1995). Examining the claims raised in Shafii's complaint, we conclude that none of them in fact requires interpretation of the CBA, and that they are instead grounded on "rights and obligations that exist independent of the collective-bargaining agreement." *Norris,* —— U.S. at ——, 114 S.Ct. at 2247.

■ Shafii's first allegation is that he was transferred, and ultimately discharged, in retaliation for filing a harassment claim against his supervisor. In *Norris,* the Supreme Court faced a similar retaliatory discharge argument and found that the state law suit was not preempted by the RLA. *Id.* at ——, 114 S.Ct. at 2248. Like the Court in *Norris,* we find that the elements of an action for retaliatory discharge—which primarily depend on a determination of the employer's motive for firing an employee—do not require an interpretation of the CBA.

■ Shafii's second contract-related claim is that British Airways fired him in violation of the mediation agreement that the parties had signed. That agreement provided that British Airways would not "pursue any claims" in connection with Shafii's harassment suit against his supervisor. We need not here address the question of whether British Airways's decision to dismiss Shafii is or is not forbidden by the mediation agreement. The only question before us is whether interpretation of the mediation agreement—which is analogous to an individual employment contract between Shafii and the airline—requires an interpretation of the CBA.

Arguing that it does, British Airways points out that the mediation agreement provides in part that the dispute between Shafii and his supervisor is to be resolved through processes established in the CBA. The airline contends that this shows that the mediation agreement can only be interpreted with reference to the CBA. But the fact that one part of the mediation agreement can be understood only in relation to the CBA does not mean that every part of the mediation agreement requires us to parse the CBA.

The portion of the mediation agreement on which Shafii rests his claim of breach of contract, instead, contains no reference to the CBA, nor does its interpretation require any such reference. A state court can determine, as a matter of state contract law, whether the airline's decision to fire Shafii was a violation of the terms of the mediation agreement, and can do so without looking into the CBA. *Cf. Caterpillar,* 482 U.S. at 394–95, 107 S.Ct. at 2430–31 (holding that, under the LMRA, a claim resting on interpretation of an individual employment contract does not have the same preemptive effect as one requiring interpretation of the CBA). We therefore conclude that this claim, like Shafii's other allegations, exists independently of the CBA, and that the entire action should be remanded to the state courts.[2]

*Sanctions Against British Airways*

The district court correctly declined to impose sanctions against British Airways.

■ For a legal argument to merit sanctions under Fed. R. Civ. Pro. 11, "it must be clear under existing precedents that there is no chance of success." *Mareno v. Rowe,* 910 F.2d 1043, 1047 (2d Cir.1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). Although British Airways' removal of the case to federal court and its opposition to a remand were ultimately unsuccessful, they were not frivolous and therefore not sanctionable.

**2.** Since the district court concluded that Shafii's defamation claim had been properly removed to federal court only because of its close relationship to the two contract allegations, our conclusion that Shafii's contract claims should be remanded to the state court extends as well to his defamation action.

Similarly, nothing in the airline's conduct suggests that sanctions would have been appropriate under 28 U.S.C. § 1927, which authorizes penalties only when there is a clear showing of bad faith on the part of an attorney. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). We recently reaffirmed that § 1927 applies only if actions are "so completely without merit · as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995) (internal quotations omitted). No such showing was, or could have been, made here.

*Injunction Against Further Suits by Shafii*

A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 25 (2d Cir.1986), *cert. denied*, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987). The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction. *See In re Martin–Trigona*, 9 F.3d 226, 227–28 (2d Cir.1993). In this case, however, because Shafii's remand motion—his only initiative in federal court in this case—was meritorious, the injunction forbidding his further use of the court system without leave of the court cannot stand. In view of this holding, we express no opinion as to whether Shafii can properly be characterized as a repetitive litigant. Accordingly, we vacate the injunction forbidding his further filing of suits against British Airways or its employees in federal court.

## Conclusion

For the foregoing reasons, we vacate the district court's opinion to the extent that it denied the motion for remand and restricted the petitioner's access to the federal courts, but we affirm the court's decision not to sanction British Airways. We remand the case to the district court with instructions to return the matter to the New York courts.