IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------------------

Nos. 98-30516 & 98-30518
Summary Calendar

--------------------

IN RE:  JOSEPH P CONTE, TOYOTA, INC.

                                        Debtor

JOSEPH P. CONTE, JR.

                                        Appellant

                        versus

DORIS L. CONTE and SUSAN C CONTE

                                        Appellees


--------------------

Appeals from the United States District Court
for the Eastern District of Louisiana
(97-CV-2938-J & 97-CV-3910)

--------------------

December 21, 1998

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

     Joseph P. Conte, Jr., appeals both a permanent injunction and
a grant of summary judgment against him.  Underlying both judgments
are preclusion issues, and we consolidate them for review.  For the
reasons below, we affirm.

                                I

--------------------

     [*]Pursuant to 5th Cir. R.47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. 47.5.4.

The cases before us are shrapnel from a contentious bankruptcy. In the bankruptcy, the directors of the debtor corporation disagreed about whether to settle a suit in which the debtor was plaintiff. The bankruptcy court approved the settlement over the objections of Joseph P. Conte, Jr., and in its findings of fact concluded that Mr. Conte owned 25% of the debtor, with the Joseph P. Conte Family Trust owning another 37.5% and Doris L. Conte also owning 37.5%. These findings were necessary to determine whether the corporation properly agreed to the settlement, which Doris Conte and Susan Conte approved on behalf of the trust. Conte appealed, but the district court dismissed the appeal as moot because the plan of reorganization had been implemented, and we affirmed. See In re Joe Conte Toyota, Inc., 1996 WL 190103 (E.D. La.), aff'd, 105 F.3d 654 (5th Cir. 1996).

Joseph Conte subsequently filed three separate lawsuits. The first was an adversary proceeding in the bankruptcy court to determine the extent of his shareholder interest in the debtor. The bankruptcy court dismissed the action on preclusion grounds, and Conte filed but dismissed an appeal. The second was a legal malpractice action against two attorneys who he alleged gave him negligent legal advice that initially led to the appointment of Doris and Susan Conte as directors. The third was a quo warranto suit[1] seeking to require Doris and Susan Conte to show their

---

[1]Under Louisiana law, a writ of quo warranto "is limited to determining by what authority a person is holding office in a corporation." Morris v. Thomason, 672 So. 2d 433, 434 (La. App.), writ denied, 679 So. 2d 105 (La. 1996).

2

authority to act as directors of Conte Toyota. Both of these actions were removed to federal court and referred to the bankruptcy court. Finding the claims barred by both claim preclusion and issue preclusion, the bankruptcy court granted summary judgment against Joseph Conte on both claims, and the district court affirmed.

Meanwhile Doris and Susan Conte filed a suit for permanent injunction. The bankruptcy court granted judgment in their favor, prohibiting Joseph Conte from filing any further litigation against Doris and Susan Conte arising from the facts and issues previously determined in the bankruptcy court. The court found that enjoining state proceedings was "necessary . . . to protect or effectuate its judgments," 28 U.S.C. § 2283, and thus allowed under this relitigation exception to the Anti-Injunction Act.

On this consolidated appeal, we consider both the summary judgment in the quo warranto proceeding and the entry of the permanent injunction. The legal malpractice action is not before us here.

II

We first consider the summary judgment. If preclusion doctrines apply, the bankruptcy court's factual findings clearly control. In the quo warranto proceeding, Joseph Conte seeks to show that the elections of Doris and Susan Conte as directors were perpetrated by a fraud. This assertion conflicts directly with the bankruptcy court's conclusion that their approval of the settlement was valid.

3

The familiar requirements for claim preclusion are that (1) the parties from the two actions must be identical or in privity with one another; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. See, e.g., Eubanks v. FDIC, 977 F.2d 166, 169 (5th Cir. 1992).

The second prong is undisputed, and despite Joseph Conte's protests, the first and fourth prongs are straightforward. The parties from the first action are in privity with those in the current action. In a bankruptcy proceeding, the corporate officers, directors, and shareholders of a debtor corporation are considered parties to that proceeding, or at least "in privity" with the corporation. See Fox v. Maulding, 112 F.3d 453, 460 (10th Cir. 1997); Horwitz v. Alloy Automotive Co., 992 F.2d 100, 103 (7th Cir. 1993). "Under the 'same claim' inquiry, the critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." Rivet v. Regions Bank, 108 F.3d 576, 588 (5th Cir. 1997); see also Agrilectric Power Partners, Ltd. v. General Elec. Co., 20 F.3d 663, 665 (5th Cir. 1994) ("The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry."). Joseph Conte's new claims involve the same nucleus of operative facts involved in the prior proceeding.

The third prong, requiring that the judgment be "on the merits," is more subtle, because the district court dismissed the

4

appeal as moot rather than reaching the merits. This dismissal, however, does not deprive the bankruptcy court's judgment of preclusive effect. The Supreme Court confronted a similar situation in United States v. Munsingwear, Inc., 340 U.S. 36 (1950). It held that where the losing party in the prior adjudication did not seek vacatur of judgment upon dismissal, the lower court judgment was still entitled to res judicata. This doctrine was discussed and reaffirmed in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S. Ct. 386 (1994), in which the Supreme Court found that mootness by reason of a settlement does not justify vacatur of the judgment under review. Under the Munsingwear logic, the district court's dismissal of the appeal from the bankruptcy court without vacating the bankruptcy court judgment means that judgment still has preclusive effect. The quo warranto action is thus barred.

III

We now turn to the injunction. The relitigation exception to the Anti-Injunction Act permits a federal court to enjoin a state court action barred by claim preclusion. See Carpenter v. Wichita Falls Ind. Sch. Dist., 44 F.3d 362, 370 (5th Cir. 1995). A court has the inherent authority to protect its jurisdiction through injunction. See Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1499 (5th Cir. 1993) ("[F]ederal courts have broad powers to protect their judgments and the integrity of the courts as a whole.") (citing In re Marhn-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984), abrogated on other grounds by Marathon Oil Co. v. A.G.

5

_Ruhrgas_, 145 F.3d 211 (5th Cir. 1998) (en banc). Factors relevant to whether a court can enter injunctive relief include the history of the litigation, the litigant's motives, whether the litigant was represented by counsel, whether the litigant caused needless expense to others, and whether other sanctions would be sufficient. See, e.g., _Shafii v. British Airways_, 895 F. Supp. 451, 458 (E.D.N.Y. 1995), _aff'd in part, vacated in part_, 83 F.3d 566 (2d Cir. 1996). None of these factors significantly helps Joseph Conte, and we find no abuse of discretion or error in the grant of the injunction.

## IV

Doris and Susan Conte cross-appeal the bankruptcy court's refusal to impose monetary sanctions on Joseph Conte. This litigation was not frivolous, and the bankruptcy court's refusal to impose sanctions was well within its discretion. See _Placid Refining Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)_, 108 F.3d 609, 613 (5th Cir. 1997).

AFFIRMED.