Michelene **WRAY**, Plaintiff–Appellant,

v.

**UNITED AIR LINES, INC.**, Mark Frohman, and John Grindle, Defendants–Appellees.

No. 05–4272.

United States Court of Appeals, Second Circuit.

June 6, 2006.

Thomas C. Nuovo, Bauer, Gravel, Farnham, Nuovo, Parker & Lang, Burlington, VT, for Appellant.

Michael Mankes, Littler Mendelson, P.C., Boston, MA, for Appellees.

Present: ROGER J. MINER,
ROSEMARY S. POOLER, Circuit Judges,
JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Michelene Wray appeals a judgment of the district court dismissing her complaint—which was removed to district court from the Chittenden County, Vermont, Superior Court—as completely preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

When the district court dismissed Wray's complaint, it properly assumed, based on *Shafii v. British Airways, PLC,* 83 F.3d 566 (2d Cir.1996), that it had jurisdiction to consider whether Wray's claims required interpretation of a collective bargaining agreement between United Air Lines, Inc. and Wray's present union and thus were preempted. However, in *Sullivan v. American Airlines, Inc.,* 424 F.3d 267 (2d Cir.2005), we held that an intervening decision from the Supreme Court, *Beneficial National Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), required reexamination of *Shafii. Sullivan,* 424 F.3d at 274. We then held that the RLA did not have complete preemptive effect and therefore did not support the removal from state court to federal court of claims that, on their face, are based solely on state law. *Id.* at 278. Thus, without any fault on the part of the

district court, its refusal to remand to state court was error.

In their brief, appellees ask that this appeal be heard in banc. This panel has no power to make this determination. *See* Fed R.App. P. 35(a) (stating that a majority of the active judges on the court are required to authorize an initial in banc). Further, appellees did not file a proper in banc petition. *See* Fed. R.App. P. 35(b)(2),(c). Our disposition today, of course, does not deprive appellees of their right to seek rehearing in banc.

We therefore vacate the judgment of the district court and remand with instructions to remand this lawsuit to the Chittenden County, Vermont, Superior Court.