Charles **ROBERT**, Plaintiff–Appellant,

v.

**DEPARTMENT OF JUSTICE, et al., Defendants–Appellees.**

No. 09–4684–cv.

United States Court of Appeals, Second Circuit.

Sept. 6, 2011.

Charles Robert, Long Beach, NY, pro se.

Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, for Appellee.

PRESENT: RALPH K. WINTER, JOSEPH M. McLAUGHLIN and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Charles Robert ("Robert"), proceeding *pro se*, appeals from decisions and orders of the District Court in four consolidated actions brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In these decisions and orders, dated December 9, 2005, December 27, 2005, June 18, 2007, May 9, 2008, and September 21, 2009, and in its October 13, 2009 final judgment, the District Court granted summary judgment to defendants-appellees the Department of Justice ("DOJ") and the Social Security Administration (jointly, "defendants") with respect to Robert's FOIA claims and enjoined him from filing further complaints raising FOIA claims without leave of the court. This appeal raises two principal issues: (1) whether the District Court erred in granting summary judgment dismissing Robert's various FOIA claims; and (2) whether the District Court abused its discretion in enjoining Robert from filing future FOIA actions without prior leave of the court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Summary Judgment

We review *de novo* a district court's grant of summary judgment under FOIA. *Nat'l Council of La Raza v. Dep't of Justice,* 411 F.3d 350, 355 (2d Cir.2005). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate...." *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search ... are sufficient to sustain the agency's burden," and we accord such affidavits a " 'presumption of good faith.' " *Id.* (quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n,* 926 F.2d 1197, 1200 (D.C.Cir.1991)). This presumption " 'cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.' " *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 489 (2d Cir.1999) (quoting *SafeCard,* 926 F.2d at 1200).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the District Court's orders granting summary judgment with respect to each of Robert's FOIA claims, for substantially the same reasons stated by the District Court in its careful and well-reasoned memoranda of December 12, 2005, May 9, 2008, and September 22, 2009. *See* Mem. & Order, *Robert v. Dep't of Justice,* No. 05–CV–2543 (NGG), 2005 WL 3371480 (E.D.N.Y.

Dec.12, 2005), ECF No. 16; Mem. & Order, *id.*, 2008 WL 2039433 (E.D.N.Y. May 9, 2008), ECF No. 74; Mem. & Order, *id.* (E.D.N.Y. Sept. 22, 2009), ECF No. 105.

With respect to Robert's arguments that the case should be remanded to allow the District Court to reconsider its ruling in light of purportedly new standards for handling FOIA requests, Robert has not explained how these standards would undermine, or even apply to, the District Court's decisions. Though the "March 19, 2009 FOIA Guidelines" issued by the Attorney General support a presumption in favor of disclosure, they did not change the existing law applied by the District Court. *See Nat'l Council of La Raza*, 411 F.3d at 355 (noting FOIA's "presumption in favor of disclosure"). Similarly, Executive Order 13526, which purportedly established a new internal review procedure regarding the release of classified documents, does not apply to this case because none of the documents sought by Robert in the consolidated proceedings below were withheld based on a FOIA exemption related to classified information. Finally, this Court's decision in *In re City of New York* is inapposite, as that case involved application of the law-enforcement privilege to documents sought by a party during discovery, which is not at issue here. *See* 607 F.3d 923, 928 (2d Cir.2010).[1]

With respect to Robert's argument that the District Court erred in finding that the DOJ had exercised due diligence in searching for documents responsive to his requests for "IMC Investigation Final Report" documents, the "*Barrett* nonacquiescence policy" documents, and the "*Christensen* nonacquiescence policy" documents, we again agree with the District Court's finding that the DOJ demonstrated through its supplemental declarations that it had conducted searches that were reasonably calculated to locate the requested documents (assuming any exist), and that Robert offered only conclusory allegations that were insufficient to rebut the DOJ's showing. *See* Mem. & Order at 2–5, *Robert*, No. 05–CV–2543, (E.D.N.Y. Sept.22, 2009), ECF No. 105.

## II. Filing Injunction

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996); *see also In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). However, a district court "may not impose a filing injunction on a litigant . . . without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir.1998)). We review for abuse of discretion a district court's decision to impose a filing injunction, or "leave-to-file" sanctions, under the All Writs Act, 28 U.S.C. § 1651. *See United States v. Int'l Bhd. of Teamsters*, 266 F.3d 45, 49 (2d Cir.2001) (injunction under the

---

1. We note that the District Court did apply FOIA exemption 5, 5 U.S.C. § 522(b)(5), in granting summary judgment with respect to two of Robert's requests, which sought DOJ "casefile notes" relating to *Ruppert v. Bowen*, 871 F.2d 1172 (2d Cir.1989), a case Robert filed as a practicing attorney, and *Robert v. Holz*, No. 85–CV–4205 (LDW) (E.D.N.Y.), an earlier FOIA action filed by Robert. We agree with the District Court that the withheld pages constituted attorney work product and were properly withheld under FOIA exemption 5. *See Robert*, 2008 WL 2039433, at *4–5 (E.D.N.Y. May 9, 2008), ECF No. 74; *id.*, 2005 WL 3371480, at *9 (E.D.N.Y. Dec.12, 2005), ECF No. 16.

All Writs Act reviewed for abuse of discretion); *Gollomp v. Spitzer,* 568 F.3d 355, 368 (2d Cir.2009) (imposition of sanctions reviewed for "abuse of discretion"); *cf. Sims v. Blot,* 534 F.3d 117, 132 (2d Cir. 2008) (explaining term of art "abuse of discretion").

Here, the District Court did not err or abuse its discretion in enjoining Robert from filing further complaints raising FOIA claims without leave of the court, given Robert's history of filing vexatious, burdensome, and meritless FOIA complaints. *See Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986) (describing the factors district courts should consider in determining whether to restrict a litigant's future access to the courts). To the extent that Robert argues that he did not receive sufficient notice and an opportunity to be heard, his argument is belied by the record. Robert was explicitly placed on notice of the possibility of a filing injunction during a pre-motion conference, was served the defendants' motion to impose a filing injunction, and responded to the defendants' motion. There is no support for Robert's argument that he was entitled to an evidentiary hearing and an opportunity to cross-examine witnesses.

However, we appreciate Robert's concern that the December 2005 non-final "judgment" entered by the Clerk of Court subsequent to the District Court's filing injunction could be construed as inconsistent with that injunction. Although the District Court's opinion of December 12, 2005, ordered that "[a]ny future FOIA *complaint(s)* by Robert ... must be submitted to my attention as a Motion for Leave to File," *Robert,* 2005 WL 3371480, at *16 (E.D.N.Y. Dec.12, 2005), ECF No. 16 (emphasis added), the subsequent order entered by the Clerk of Court granted defendants' motion "to enjoin plaintiff from further FOIA *request* [sic] without prior leave of the Court," Clerk's Judgment, *id.* (E.D.N.Y. Dec. 15, 2005), ECF No. 22 (emphasis added).

It is clear that the District Court intended only to enjoin Robert from filing further FOIA *complaints* without leave of the court and not to enjoin Robert from filing FOIA *requests* with appropriate government agencies or officials. Therefore, we exercise our authority under 28 U.S.C. § 2106 to modify the District Court's final judgment, dated October 13, 2009, to clarify that the filing injunction entered on December 15, 2005, applies only to *complaints* raising FOIA claims filed in district court, and not to FOIA *requests* directed to a government agency or official. In doing so, we do not address, much less preclude or comment upon, any requests that may be made in the future, upon an appropriate record, to broaden the reach of the District Court's injunction to include matters other than FOIA complaints (including, *inter alia,* FOIA *requests* directed to government agencies or officials).

We have considered Robert's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is hereby **MODIFIED,** and, as modified, is **AFFIRMED.**