13-136
Duran v. Kiley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
TIMOTHY C. DURAN,

         <u>Plaintiff-Appellant</u>,

         -v.-                                    No. 13-136

KEVIN J. KILEY, KILEY, KILEY & KILEY,
PLLC, GARY J. DMOCH d.b.a. GARY JOHN
DMOCH & ASSOCIATES,

         <u>Defendants-Appellees</u>.*
- - - - - - - - - - - - - - - - - - - -X

---

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

1

**FOR PLAINTIFF-APPELLANT:**     TIMOTHY C. DURAN, <u>pro se</u>, San Jose, CA.

**FOR DEFENDANTS-APPELLEES:**    No appearance.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court be **AFFIRMED.**

Timothy C. Duran, <u>pro se</u>, appeals from the district court's (1) judgment <u>sua sponte</u> dismissing his complaint as barred by <u>res judicata</u> and collateral estoppel and (2) order imposing a filing injunction and denying his motion to correct the judgment.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has the inherent authority to dismiss a complaint as frivolous, even if the plaintiff pays a filing fee.  See <u>Fitzgerald v. First E. Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363-64 (2d Cir. 2000).  An action is frivolous "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."

2

Proctor v. LeClaire, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and brackets omitted).

As the district court concluded, Duran's complaint is barred by res judicata. The settlement in the earlier litigation was embodied in a final judgment on the merits. See Greenberg v. Bd. of Governors of Fed. Reserve Sys., 968 F.2d 164, 168 (2d Cir. 1992) ("Settlements may also have preclusive effect."). The present complaint raises anew issues that Duran previously raised; and the relationship is sufficiently close between the defendants in the earlier litigation and the defendants in the instant case. See, e.g., Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367-68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). The district court did not err in refusing to allow Duran to amend, as amendment would have been futile in light of the preclusive effect of the prior litigation. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."

3

*Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). "[I]n determining whether or not to restrict a litigant's future access to the courts" through a filing injunction, the court "should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." See *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Before a filing injunction is imposed, however, a litigant must be provided notice and an opportunity to be heard. See *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). We review an order imposing a filing injunction for abuse of discretion. See *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *United States v. Int'l Bhd. of Teamsters*, 266 F.3d 45, 49 (2d Cir. 2001); see also *Robert v. Dep't of Justice*, 439 F. App'x 32, 34 (2d Cir. 2011) (summary order) (drawing same conclusion from *Gollomp* and *Int'l Bhd. of Teamsters*).

4

The district court did not abuse discretion in imposing the filing injunction. As the record demonstrates: (1) the district court notified Duran of the possible injunction and provided him with an opportunity to respond; (2) Duran filed four other actions in connection with the same condominium construction project; and (3) Duran is prevented only from filing future complaints in the Southern District of New York related to that same condominium construction project, cf. <u>Safir</u>, 792 F.2d at 25 (injunction precluding a litigant from "instituting any action whatsoever" was "overly broad").

Finally, Duran was not prejudiced by any reference to 28 U.S.C. § 1915(a)(3) in the district court's judgment. Duran did not move for <u>in forma pauperis</u> status in the district court and has not done so on appeal.

We have considered Duran's remaining arguments and conclude that they are without merit. The judgment and order of the district court are hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK