16-571-pr
George v. N.Y. State Div. of Parole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

PRESENT:   REENA RAGGI
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

------------------------------------------------------------------------

PATRICK GEORGE,
                    *Petitioner-Appellant*,

                    v.                                    No. 16-571-pr

NEW YORK STATE DIVISION OF PAROLE,
                    *Respondent-Appellee.*
------------------------------------------------------------------------

APPEARING FOR APPELLANT:      PATRICK GEORGE, *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEE:       AMY APPELBAUM, Assistant District Attorney (Leonard Joblove, Sholom J. Twersky, Assistant District Attorneys, *on the brief*), *for* Kenneth P. Thompson, Kings County District Attorney, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the November 25, 2015 judgment of the district court is AFFIRMED.

Patrick George, proceeding *pro se*, appeals from the order enjoining him from filing future motions in this habeas action or any other actions challenging his 1988 and 1991 state convictions without first obtaining leave from the district court. We review such an award for abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

A district court may, in its discretion, impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation." *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995). In deciding whether to impose such an injunction, a court considers (1) the litigant's history, (2) the litigant's motive, (3) whether the litigant is *pro se*, (4) whether the litigant has caused needless expense or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). A district court may not impose a filing injunction without first providing the litigant with notice and an opportunity to be heard. *See Iwachiw v. N.Y.S. Dep't of Motor Vehicles*,

396 F.3d 525, 529 (2d Cir. 2005). George argues that he was not afforded that opportunity. The record is to the contrary.

Between September and November 2015, George filed five essentially duplicative motions for reconsideration of the 1996 judgment denying his habeas challenge to two New York State convictions. In denying the third such motion on November 11, 2015, the district court warned George that further repetitive motions could result in a filing injunction. Within a week, George filed his fourth duplicative motion, invoking Fed. R. Civ. P. 52, 56, 59, and 60 and Fed. R. Evid. 103 and 201.[1] Therein, he explicitly acknowledged the November 11 injunction warning and accused the district court and staff attorneys of bad faith in taking any such action because the cited rules plainly entitled him to the relief sought. The district court denied reconsideration on November 19, 2015, and reiterated its injunction warning. Four days later, George filed his fifth duplicative motion, the denial of which was accompanied by the challenged filing injunction.

On this record, we identify no abuse of discretion. George was twice given notice of the likely issuance of a filing injunction for further repetitive filings. He availed himself of the opportunity to be heard in his November 17, 2015 motion, and was given further opportunity to be heard after that motion was denied. Instead, he filed another repetitive motion. These circumstances manifest no denial of due process. They support the conclusion that, absent a filing injunction, George was "likely to

---

[1] Although the motion described the latter as rules of civil procedure, it is clear that George intended to invoke the corresponding rules of evidence.

3

continue to abuse the judicial process." *Safir v. U.S. Lines, Inc.*, 792 F.2d at 24. The district court thus acted within its discretion in imposing such an injunction.

Insofar as George argues the merits of his underlying motions for reconsideration and of his habeas petitions, those matters are not within the scope of this appeal and therefore we do not address them here. Accordingly, the November 25, 2015 judgment of the district court is AFFIRMED.[2]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[2] George's March 27, 2017 motion to re-open oral argument is denied. The term "*inter alia*" in this Court's February 26, 2016 order does not broaden this appeal but refers only to arguments the parties were directed to address with respect to the challenged filing injunction.