18-1575-cv
Robert v. CIA et al.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

-----------------------------------------------------------------

CHARLES ROBERT, II, AKA SNOWFLAKE 5391,

*Plaintiff-Appellant*,

v.                                                    No. 18-1575-cv

CENTRAL INTELLIGENCE AGENCY, UNITED STATES DEPARTMENT OF JUSTICE,

*Defendants-Appellees.*

-----------------------------------------------------------------

FOR APPELLANT:                CHARLES ROBERT, *pro se*, Long Beach, NY.

FOR APPELLEES:                VARUNI NELSON, Assistant United States Attorney (Diane C. Leonardo, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Charles Robert appeals from a judgment of the District Court (Seybert, <u>J.</u>) granting summary judgment in favor of the Central Intelligence Agency (CIA) and the United States Department of Justice (DOJ).   Robert alleged that both agencies failed to adequately respond to his requests under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for documents generally related to the Iran-Contra affair.   On appeal, Robert principally argues that the District Court erred by: (1) relying on declarations submitted by CIA and DOJ officials; and (2)

2

declining to apply Executive Order 13526 to his document requests. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. The District Court's Reliance on CIA and DOJ Declarations

Robert argues that the District Court should not have relied on the supplemental declaration of CIA Information Review Officer Antoinette B. Shiner because it falsely stated that "CIA FOIA Officers could not identify which documents [Robert] was requesting." Appellant's Br. 36. But we agree with the District Court that Robert failed to "set[] forth specific facts showing that there is a genuine issue of material fact" with Shiner's declaration in this regard. Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996). Declarations like Shiner's "are accorded a presumption of good faith" and "cannot be rebutted by purely speculative claims" or bare assertions. Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) (quotation marks omitted). And Robert adduced no evidence that the CIA knew or should have known which

documents satisfied his "broad and vague" FOIA request.    Dist. Ct. Dkt. No. 133, at 17.

We also reject Robert's argument that the District Court erred in relying on the declaration of John F. Boseker, Attorney Advisor for the Executive Office for United States Attorneys, because Boseker allegedly "speculated" that certain documents Robert sought "may have been destroyed in 2005."    Appellant's Br. 47 (quotation marks omitted).    The District Court correctly noted that Boseker's description of the availability of documents potentially related to Robert's request had no bearing on the summary judgment proceedings, which concerned whether Robert's FOIA requests were valid.

2.  Executive Order 13526

Robert also claims that the District Court "erred when it arbitrarily did not apply [Executive Order] 13526" to certain documents that Robert sought. Appellant's Br. 39.    But Executive Order 13526 does not apply where, as here, "none of the documents sought . . . were withheld based on a FOIA exemption related to classified information."    Robert v. Dep't of Justice, 439 F. App'x 32, 34 (2d Cir. 2011) (summary order).    And even if the Executive Order did apply, it

4

clearly warns that it "is not intended to and does not create any right or benefit, substantive or procedural, enforceable at law by a party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Exec. Order No. 13526, § 6.2(d), 75 Fed. Reg. 707, 730–31 (Dec. 29, 2009). We therefore are not persuaded by Robert's argument premised on Executive Order 13526.

We have considered Robert's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5